# United States District Court
## Northern District of Texas
### Lubbock Division

UNITED STATES OF AMERICA

v.

JUAN CARLOS LARA-OCHOA
Defendant.

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 MAR -3 PM 12: 16

DEPUTY CLERK _____

Case Number: 5:16-CR-00041-C(01)
USM No. 54705-177

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JUAN CARLOS LARA-OCHOA, was represented by Cynthia Mendoza.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to the defendant.

The defendant pleaded guilty to count 2 of the indictment filed August 10, 2016. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2 | Distribution and Possession With Intent To Distribute 500 Grams Or More Of Methamphetamine and Aiding and Abetting | 06/01/2016 | 2 |

As pronounced on March 3, 2017, the defendant is sentenced as provided in pages 1 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 2 of the indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in the defendant's economic circumstances.

Signed this the 3rd day of March, 2017.

SENIOR DISTRICT JUDGE SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

DEFENDANT:         JUAN CARLOS LARA-OCHOA
CASE NUMBER:       5:16-CR-00041-C(01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 262 months as to count 2.

The defendant shall remain in the custody of the U.S. Marshal Service.

The court recommends the defendant be placed at FCI Mendota, California.

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JUAN CARLOS LARA-OCHOA
CASE NUMBER: 5:16-CR-00041-C(01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 5 years.

The defendant shall report to the U.S. Probation Officer in a manner and frequency directed by the Court or Probation Officer in the district to which the defendant is released from the custody of the Federal Bureau of Prisons, or in which the defendant makes entry into the United States, within 72 hours of release or entry.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JUAN CARLOS LARA-OCHOA
CASE NUMBER: 5:16-CR-00041-C(01)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

2. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $40.00 per month.

3. The defendant shall not illegally re-enter the United States, if deported, removed, or allowed voluntary departure.